# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,

    Plaintiff,

v.                                                                                                                                       No. 1:17-cr-1827-WJ

ISAAC JOSEPH DODGE,

    Defendant.

## MEMORANDUM OPINION AND ORDER
## DENYING DEFENDANT'S MOTION TO SEVER COUNTS

THIS MATTER comes before the Court upon Defendant's Motion to Sever Counts, filed April 5, 2018 **(Doc. 48)**. Having reviewed the parties' briefs and applicable law, the Court finds that Defendant's motion is not well-taken and, therefore, is **DENIED**.

## BACKGROUND

Defendant is charged with two separate counts of armed bank robbery, one of a BBVA Compass Bank branch on March 7, 2017, and another of a U.S. Bank branch on April 4, 2017, in violation of 18 U.S.C. § 2113(a) and (d). These banks are approximately 1.9 miles apart.[1]

In this Motion, Defendant argues (1) that the two armed robbery counts were improperly joined under Fed. R. Crim. P. 8(a) and (2) that the Court must sever these counts because a joint trial of the two counts will prejudice his right to a fair trial.

Defendant asserts that witnesses will testify as follows. As to the first armed robbery, experts will testify as to a fingerprint collected from a plastic box on the counter inside of the

---

[1] The Court takes judicial notice of the Google map of the two banks, as requested by the Government. **Doc. 49, p.2.** Defendant did not object. *See Pahls v. Thomas*, 718 F.3d 1210, 1216 n.1 (10th Cir. 2013).

bank, which the Government asserts matches Defendant. Witnesses will describe the suspect as a white or Hispanic male, approximately 5'10' to 6' tall, heavyset, wearing gloves, a black mask, and baseball hat. One witness saw a white Dodge Durango in the area.

As to the second count, witnesses will testify that the suspect exited the bank and left in a black BMW with a Texas license plate. Deputy Jordan Skinner will testify that the observed a white dodge Durango driving behind a black BMW around Osuna and Jefferson. Witnesses will describe the suspect as a white or Hispanic male, approximately 5' 11'' to 6'0'', medium build, wearing a white motorcycle helmet and a red colored mirrored visor. No finger prints were found at the second bank.

## DISCUSSION

The joinder of offenses in a criminal trial is governed by Rules 8(a) and 14 of the Federal Rules of Criminal Procedure. Rule 8(a) allows for the joinder of offenses when:

- the offenses "are of the same or similar character,"
- or are based on the same act or transaction,
- or are connected with or constitute parts of a common scheme or plan."

Fed.R.Crim.P. Rule 8(a); *U.S. v. Sturmoski*, 971 F.2d 452, 460 (10th Cir. 1992). If two or more offenses are properly joined under Rule 8(a), the joinder is also subject to scrutiny under Rule 14, which provides: "[i]f the joinder of offenses or defendants in an indictment, an information, or a consolidation for trial appears to prejudice a defendant or the government, the court may order separate trials of counts, sever the defendants' trials, or provide any other relief that justice requires." Fed.R.Crim.P. 14(a). In determining whether to grant a motion to sever, the district court must weigh the potential prejudice to the defendant against the considerations of judicial economy and efficiency. *Zafiro v. United States*, 506 U.S. 534, 537 (1993); *U.S. v. Dirden*, 38 F.3d 1131, 1140 (10th Cir. 1994).

**I.      Whether Joinder was Proper Pursuant to Fed. R. Crim. P. 8(a).**

Defendant argues that the two armed robbery counts are not properly joined, because they do not meet any of the above disjunctive conditions under Fed. R .Crim. P. 8(a). This determination is a fact intensive inquiry. *U.S. v. Bailey*, 952 F.2d 363, 365 (10th Cir. 1991).

As the United States argues, the two armed robberies are of the same or similar character. Courts routinely find that multiple armed robbery counts are of the same or similar character. *United States v. Acker*, 52 F.3d 509, 514 (4th Cir. 1995) ("Trial courts routinely allow joinder of different bank robbery counts against a single defendant in the same indictment."); *United States v. Coleman*, 22 F.3d 126, 133 (7th Cir. 1994)("Simply put, if offenses are of like class, although not connected temporally or evidentially, the requisites of proper joinder should be satisfied so far as Rule 8(a) is concerned.").

Moreover, the specific facts of these counts show that the two armed robberies are of the same or similar character. Here, Defendant allegedly robbed two banks, threatening the use of a deadly weapon while concealing his identity by disguising his face and head. *United States v. Thomas*, 849 F.3d 906, 912 (10th Cir. 2017) (armed robbery counts were similar where defendant demanded money through use of force or threat directed at employee). The offenses are close in time and location, occurring less than a month apart, and approximately 1.9 miles apart. Finally, a white Dodge Durango is associated as an apparent getaway car in both instances. The Government appears to theorize that an initial getaway car, perhaps stolen, was abandoned and the Defendant entered a white Dodge Durango after each robbery. This may establish a *modus operandi*.

Defendant argues that the suspect wore different disguises for each robbery. This is not sufficient to render the two cases dissimilar. *See, e.g. United States v. Thomas*, 61 F. Supp. 3d

1221, 1223 (D.N.M. 2014), *aff'd in part*, 849 F.3d 906 (10th Cir. 2017) (defendant wore wig for one out of the four robberies).

## II. Whether Defendant is Prejudiced by Joinder pursuant to Fed. R. Crim. P. 14(a).

Defendant argues that joinder of the two counts is prejudicial. Defendant bears the burden of showing that joinder would cause actual prejudice to his defense outweighing the expense and inconvenience of separate trials, *United States v. Thomas*, 849 F.3d 906, 911–12 (10th Cir.), and that his right to a fair trial is threatened or deprived. *U.S. v. Sturmoski,* 971 F.2d 452, 460 (10th Cir. 1992); *see also U.S. v. Muniz,* 1 F.3d 1018, 1023 (10th Cir. 1993). Although there are no elements or factors to determine prejudice, the Tenth Circuit has found no prejudice where, for example, (1) the evidence was not too confusing or overlapping; (2) the offenses took place on different dates at different locations, and different witnesses and evidence were presented on each count; and (3) the case for each count was strong enough on its own. *U.S. v. Muniz,* 1 F.3d 1018, 1023 (10th Cir. 1993).

Generally, the evidence does not appear to be too overlapping, confusing, or complex. The offenses took place on different dates at different locations. Different witnesses observed the alleged robberies.

Moreover, Defendant has not shown that the second count is weak, or that he is likely to be convicted on count 2 based on the evidence presented in count 1. *United States v. Taylor*, 800 F.2d 1012, 1017 (10th Cir. 1986) ("we find nothing in the record to support Taylor's contention that the jury accumulated the evidence or inferred guilt from the stronger count."). Even so, the fact that one count is stronger does not mandate severance. *United States v. Olsen*, 519 F.3d 1096, 1103 (10th Cir. 2008). Defendant argues that joinder would be prejudicial because one count has physical evidence, while the other does not. This also does not mandate severance.

*See Thomas*, 849 F.3d at 912 (no abuse of discretion to deny motion to sever where one count had physical evidence, while other did not).

Defendant further argues he would be prejudiced because the jury would hear cumulative evidence on both counts. Severance of multiple counts is not required simply because cumulative evidence of similar misconduct might prejudice the defendant. *United States v. Hollis*, 971 F.2d 1441, 1457 (10th Cir. 1992), *citing United States v.* Cox, 934 F.2d 1114, 1120 (10th Cir. 1991); *United States v. Thomas*, 849 F.3d 906, 912 (10th Cir.), *cert. denied*, 138 S. Ct. 315, 199 L. Ed. 2d 208 (2017). "Neither a mere allegation that defendant would have a better chance of acquittal in a separate trial, nor a complaint of the 'spillover effect' ... is sufficient to warrant severance." *United States v. Bailey,* 952 F.2d 363, 365 (10th Cir. 1991), *quoted in United States v. Levine*, 983 F.2d 165, 167 (10th Cir. 1992); *see also U.S. v. Caldwell*, 560 F.3d 1202, 1213 (10th Cir. 2009); *United States v. Morales,* 108 F.3d 1213, 1219 (10th Cir. 1997). Here, the evidence is sufficiently different that evidence from one count is unlikely to affect the other. *Thomas*, 849 F.3d at 912. Both cases likely involve separate eyewitnesses, dates, and locations. One includes physical evidence, while the other does not. *Id.* These differences will assist jury in distinguishing the evidence in these two counts. *Id.* Moreover, this case is not too complex or confusing that the jury would be unable to keep the evidence for each count separate, *United States v.* Taylor, 800 F.2d 1012, 1017 (10th Cir. 1986), and an appropriate limiting instruction would cure any prejudice.

Moreover, to the extent evidence from one count is similar or overlapping with the other count, Defendant has not shown it is inadmissible as bad acts evidence under Fed. R. Evid. 404(b) (evidence of other bad acts admissible for identity or *modus operandi*). *see also United States v. Chee*, 173 F.3d 864 (10th Cir. 1999); *also U.S. v. Figueroa*, 56 F. Supp.2d 1222, 1224

(D. Utah 1999); *see also U.S. v. Rollins*, 301 F.3d 511, 518 (7th Cir. 2002) (no prejudice where evidence on one count was admissible on the other count under Rule 404(b) as establishing *modus operandi*), *and Hollis*, 971 F.2d at 1457 (no prejudice where evidence of similar conduct in multiple charges would have been admissible under FRE 404(b)). For example, in both counts, the Government alleges that Defendant eventually abandoned a getaway car, and entered a white Dodge Durango, which was spotted following the getaway cars. This could be admissible as evidence of identity or *modus operandi*.

Finally, Defendant has not shown that any prejudice could not be addressed by an appropriate limiting jury instruction. *U.S. v. Caldwell*, 560 F.3d 1202, 1213 (10th Cir. 2009) (instruction advising jury that "the guilt or innocence of a defendant as to each count or offense must ... be considered separately" was effective); *United States v. Jones*, 530 F.3d 1292, 1299 (10th Cir. 2008) (proper limiting instruction was important consideration in determining whether misjoinder prejudiced defendants); *U.S. v. Roe,* 495 F.2d 600, 604 (10th Cir. 1974) (finding no abuse of discretion in refusal to grant severance, and finding that court's limiting instruction was "adequate to protect the accused from prejudice").

Because Defendant has not met his burden of showing prejudice from joinder of the two armed robbery counts, there is no basis to sever them.

**THEREFORE,**

**IT IS ORDERED** that Defendant's Motion to Sever Counts, filed April 5, 2018 (**Doc. 48**) is hereby **DENIED** for reasons described in this Memorandum Opinion and Order.

_____
CHIEF UNITED STATES DISTRICT JUDGE