IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

**UNITED STATES OF AMERICA**,

    Plaintiff,

v.                                                    Criminal No. 17-1827-WJ

**ISAAC JOSEPH DODGE**,

    Defendant.

## MEMORANDUM OPINION AND ORDER DENYING DEFENDANT'S MOTION FOR COMPASSIONATE RELEASE

**THIS MATTER** comes before the Court upon Defendant Isaac Dodge's pro se[1] Motion for Compassionate Release (**Doc. 80**) as well as the United States' Response in Opposition (**Doc. 85**). The Court, after reviewing the pleadings and applicable law, concludes the motion for compassionate release must be **DENIED**.

## BACKGROUND

The facts underlying the conviction are not particularly relevant here. *But see infra* ¶ II. What matters for the purposes of resolving the instant motion is:

- Dodge was charged with two violations of 18 U.S.C. §§ 2113(a) & (d)—as well as 18 U.S.C. § 2—for robbing two banks in the spring of 2017. **Docs. 1 & 16**.

- On April 23, 2019, Dodge pleaded guilty to Count 1 of the Indictment by way of a Rule 11(c)(1)(C) plea agreement. **Docs. 66 & 67**. The agreed-upon sentencing range was 8–10 years. See **Doc. 66 at ¶ 10a**.

---

[1] Because Dodge appears *pro se*, the Court construes his filing liberally. *See Garza v. Davis*, 596 F.3d 1198, 1201 n.2 (10th Cir. 2010) (Holmes, J.).

- On July 24, 2019, the Court sentenced Dodge to 120 months' imprisonment. **Doc. 76 at 2**.

- On October 29, 2024, Dodge emailed the Warden asking for compassionate release. *See* **Doc. 85-1 at 2**; *cf.* **Doc. 80 at 2**.

    - The Warden denied Dodge's request on November 7, 2024, *see* **Doc. 85-1 at 1 & Doc. 80 at 2**, but told Dodge that he can administratively appeal the denial. *Ibid.*

- On December 3, 2024, Dodge mailed his motion for compassionate release. **Doc. 80**. This letter-motion (which is one sentence in length) was electronically filed on December 6, 2024. *Id.* Included on the second page was the Warden's denial. *Id.* at **2**.

- A few days later, the United States filed a motion for extension of time (**Doc. 82**), which the Court granted (**Doc. 83**)—extending the United States' Response due date to February 18, 2025.

- On February 14, 2025, Dodge—inexplicably—filed a second motion[2] for compassionate release (docketed as "Amended Motion"). **Doc. 84**.

---

[2] Dodge's motion for compassionate release is **Doc. 80**—the one mailed on December 3, 2024 (and docketed on December 6, 2024). His second filing was signed and dated in February 2025. *See* **Doc. 84 at 6, 12, 13, 15**. Even though it's docketed as an "Amended Motion," **Doc. 84**, it's not stylized as such. Nor is it a "Reply"—considering it was filed before the United States' Response. *See* D.N.M.LR-Cr. 47.8(a).
    The Court could potentially construe this filing as a "separate brief . . . in support of a motion." D.N.M.LR-Cr. 47.9. But the equities don't favor this approach.
    First, by rule, a party is given fourteen days to file a Response. *See* D.N.M.LR-Cr. 47.8(a). Here, the United States sought—and obtained—an extension until February 18, 2025 (**Docs. 82 & 83**). But Dodge's second motion was docketed a mere three days before the United States' extended deadline. The United States objects to the consideration of Dodge's "untimely" motion. *See* **Doc. 85 at 2 & 5**. No doubt, parties who proceed pro se are afforded some latitude and held to a less stringent standard of pleading than formal pleadings drafted by lawyers. *See Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991); *Garrett v. Selby, Connor, Maddux, & Janer*, 425 F.3d 836, 840 (10th Cir. 2005). But even pro se litigants must comply with the Rules. *See Nielsen v. Price*, 17 F.3d 1276 (10th Cir. 1994) (noting the Tenth Circuit has "has repeatedly insisted that pro se parties follow the same rules of procedure that govern other litigants") (cleaned up); *see also Morgan v. Cmty. Against Violence*, No. 23-cv-353, 2023 U.S. Dist. LEXIS 190181, at *16 (D.N.M. Oct. 23, 2023) (Johnson, C.J.) (same).
    Plus, under other circumstances (*i.e.*, if represented by counsel), this supplemental briefing would have required leave of the Court. *Cf.* D.N.M.LR-Civ. 15.1; *United States v. McDowell*, No. 13-cr-32, 2017 U.S. Dist. LEXIS 61853, at *11 (E.D. Okla. Apr. 24, 2017) (explaining supplemental briefs require leave of Court). Indeed, in the civil context, the Tenth Circuit has noted that this District's "Local Rules require

- The United States filed its Response on February 17, 2025 (**Doc. 85**).

\* \* \*

Currently, Dodge is housed at USP Atwater in California.[3] His anticipated release date is February 6, 2026.

## LEGAL STANDARD

### I. Sentence Modification

Usually, federal courts cannot modify a term of imprisonment once it has been imposed. *See United States v. Smith*, 238 F. App'x 356, 358 (10th Cir. 2007) (unpublished) (Gorsuch, J.). But general rules always come with exceptions. One such exception to this finality of judgment rule is 18 U.S.C. § 3582(c)(1)—so called "compassionate release." This provision allows an inmate to move for compassionate release after exhausting[4] administrative remedies.

When considering a motion for compassionate release, a district court is required to:

> (1) find whether extraordinary and compelling reasons warrant a sentence reduction; (2) find whether such reduction is consistent with applicable policy statements issued by the Sentencing Commission; and (3) consider any applicable 18 U.S.C. § 3553(a) factors and determine whether, in its discretion, the reduction authorized by steps one and two is warranted in whole or in part under the particular circumstances of the case.

---

parties seeking leave to amend to (1) file a motion stating with particularity the grounds for amendment (Rule 7.1); (2) file a separate brief in support of the motion to amend (Rule 7.5); and (3) attach a proposed amended complaint to the motion to amend (Rule 15.1)." *Mercer-Smith v. N.M. Child., Youth & Fams. Dep't*, 416 F. App'x 704, 713 (10th Cir. 2011) (unpublished).

For these reasons, the Court declines to consider the substance of Dodge's "Amended Motion." **Doc. 84**. It's untimely and required leave of Court (or the United States' acquiescence). But it has neither. The same rings true for Dodge's so-called Reply (**Doc. 87**).

[3] The Court relies on the Bureau of Prisons ("BOP") inmate locator for this information. *See* BOP Inmate Locator, available at https://www.bop.gov/inmateloc/.

[4] The Tenth Circuit refers to compassionate release as a three-step test. *See infra*. But, in truth, there's an antecedent first step—administrative exhaustion. *See* 18 U.S.C. § 3582(c)(1)(A) (requiring that "the defendant has ***fully exhausted all*** administrative rights . . . ." (emphasis added)).

*United States v. Bradley*, 97 F.4th 1214, 1217 (10th Cir. 2024) (cleaned up); *see also United States v. McGee*, 992 F.3d 1035, 1042 (10th Cir. 2021).

Granting a motion for compassionate release requires the district court to "'address all three steps.'" *United States v. Hald*, 8 F.4th 932, 938 (10th Cir. 2021) (Hartz, J.) (quoting *McGee*, 992 F.3d at 1043). That being said, a district court may deny compassionate release when any of the prerequisites are lacking and need not address the others. *See id.* (citing *McGee*, 992 F.3d at 1043).

## II. Mandatory Claim-Processing Rules

Claim-processing rules arise in a variety of contexts.[5] But they all take the same shape: claim-processing rules "may be 'unalterable on a party's application' but 'can nonetheless be forfeited if the party asserting the rule waits too long to raise the point'" *Eberhart v. United States*, 546 U.S. 12, 15 (2005) (quoting *Kontrick v. Ryan*, 540 U.S. 443, 456 (2004)). No matter the context, mandatory claim-processing rules are "inflexible." *United States v. Hyman*, 884 F.3d 496, 498 (4th Cir. 2018) (Agee, J.).

* * *

Although "nonjurisdictional," the "exhaustion requirement" in § 3582(c)(1)(A) is "a mandatory claim-processing rule." *United States v. Hemmelgarn*, 15 F.4th 1027, 1030–31 (10th Cir. 2021). What this means in practice is that exhaustion is mandatory—so long as the United

---

[5] Appeals under Fed. R. App. 4 are one example of a claim-processing rule. *Hamer v. Neighborhood Hous. Servs.*, 583 U.S. 17, 26–28 (2017); *United States v. Garduno*, 506 F.3d 1287, 1291 (10th Cir. 2007). Defenses under the Federal Rules of Bankruptcy are another. *Kontrick v. Ryan*, 540 U.S. 443, 456 (2004); *see also Banner Bank v. Robertson (In re Robertson)*, 774 F. App'x 453, 462–63 (10th Cir. 2019) (unpublished). So is the Copyright Act's requirement that parties register their copyrights before commencing an infringement action. *See Reed Elsevier, Inc. v. Muchnick*, 559 U.S. 154, 157 & 163–64 (2010); *see also Christ Ctr. of Divine Philsophy v. Elam*, 831 F. App'x 903, 906 (10th Cir. 2020) (unpublished). Immigration orders of removal under § 1252(d)(1) are also a claim-processing rule. *See Santos-Zacaria v. Garland*, 598 U.S. 411, 417 (2023); *see also Miguel-Pena v. Garland*, 94 F.4th 1145, 1154–55 (10th Cir. 2024); *cf.* Riley v. Bondi, 606 U.S. __, 2025 U.S. LEXIS 2493 (2025) (same for § 1252(b)(1)). Claim-processing rules arise in various other "time prescriptions for procedural steps in judicial or agency forums." *Fort Bend Cnty. v. Davis*, 587 U.S. 541, 549–50 (2019) (citing cases).

States invokes it in response to a § 3582(c)(1) motion. Of course, challenges based on a failure to exhaust "can be waived or forfeited" if not invoked. *Id.* at 1030 (citing *Malouf v. SEC*, 993 F.3d 1248, 1258 n.10 (10th Cir. 2019)).

A litany of opinions (albeit, unpublished) post-*Hemmelgarn* hammer home the point that exhaustion must be enforced when invoked. *See, e.g., United States v. Gieswein*, 2021 U.S. App. LEXIS 31302, at *2 n.2 (10th Cir. Oct. 19, 2021) (unpublished) (Moritz, J.); *United States v. Purify*, 2021 U.S. App. LEXIS 35783, at *6–7 (10th Cir. Dec. 3, 2021) (unpublished) (Holmes, J.); *United States v. Cortez-Diaz*, 2022 U.S. App. LEXIS 14313, at *2 n.2 (10th Cir. May 25, 2022) (unpublished) (Moritz, J.); *United States v. Tafoya*, 2023 U.S. App. LEXIS 17472, at *2 n.1 (10th Cir. July 11, 2023) (unpublished) (Phillips, J.).

## DISCUSSION

### I. Exhaustion of Administrative Rights

Dodge asked the Warden for compassionate release (**Doc. 85-1 at 2**). The Warden denied the request but went on to state that: "If you are not satisfied with this response, you may appeal through the Administrative Remedy Program." **Doc. 80 at 2**. Dodge provided no evidence of any appeal. *See id.*

The United States argues that because Dodge "did not pursue any administrative appeal," **Doc. 85 at 5**, he "failed to exhaust his administrative remedies, as evidenced by the warden's letter." *Id.* Thus, the United States' position is that administrative rights are "fully exhausted" when: (1) the warden denies compassionate release *and* the inmate appeals that denial using the BOP's Administrative Remedy program, or (2) if there has been a "lapse of 30 days from the receipt of such a request." 18 U.S.C. § 3582(c)(1)(A); *see* 28 C.F.R. 571.63(a). Again, this

exhaustion requirement is a "mandatory claim-processing rule" that must be enforced when invoked. *Hemmelgarn*, 15 F.4th at 1030–31.

* * *

To effectively exhaust under § 3582(c)(1)(A), an inmate must make an initial request for compassionate release. *See* 28 C.F.R. § 571.61. If denied, the inmate must appeal the denial pursuant to § 571.63(a). Only a denial by the General Counsel or Director of the BOP constitutes a "final administrative decision." § 571.63(b)–(d). Because Dodge did not appeal through the Administrative Remedy Program, his request has not been fully exhausted. *See* § 3582(c)(1)(A); *see also* 28 C.F.R. § 571.60–571.64; *United States v. Abdeljawad*, No. 15-cr-3394, 2020 U.S. Dist. LEXIS 124953, at *3–4 (D.N.M. July 16, 2020) (Johnson, C.J.).

The Tenth Circuit has not directly addressed whether an inmate must appeal a warden's denial of a compassionate release request in order to fully exhaust administrative rights. When the issue came up the other year, the Tenth Circuit did "not take up the merits of th[e] issue." *Tafoya*, 2023 U.S. App. LEXIS 17472, at *5 n.6. Nevertheless, several other courts of appeals have. *See, e.g., United States v. Marshall*, 2020 U.S. App. LEXIS 36134, at *5–6 (4th Cir. Nov. 17, 2020) (unpublished) ("[I]t is not enough for a defendant simply to receive a denial from the warden of his or her request. Rather, the defendant must complete 'all' administrative rights to appeal."); *United States v. Cox*, 851 F. App'x 632, 633 (7th Cir. 2021) (unpublished); *United States v. Ciccotto*, 2021 U.S. App. LEXIS 6702, at *2–5 (11th Cir. Mar. 8, 2021) (per curiam and unpublished); *United States v. Hampton*, 2021 U.S. App. LEXIS 11309, at *2 (11th Cir. Apr. 19, 2021) (Newsom, J.) ("[T]he record reflects that Hampton failed to fully exhaust his administrative right to appeal the Warden's denial of his administrative request for compassionate release."). These courts have sided with the United States' interpretation.

Additionally, U.S. District Judge Robert Brack noted that: "[i]n the District of New Mexico, at least three judges have found that the Government's interpretation of the statute is correct." *United States v. Bowyer*, No. 17-cr-1303, 2021 U.S. Dist. LEXIS 151753, at \*7 (D.N.M. Aug. 12, 2021). In support of this proposition, Judge Brack then cited opinions by Judge Kea Riggs, Judge Kenneth Gonzales, and the undersigned. *See, e.g., United States v. Olsson*, No. 13-cr-2051, 2020 U.S. Dist. LEXIS 218599, at \*3–5 (D.N.M. Nov. 23, 2020) (Riggs, J.); *United States v. Llantada*, No. 14-cr-832, 2020 U.S. Dist. LEXIS 218271, at \*4 (D.N.M. Nov. 20, 2020) (Gonzales, J.) ("To effectively exhaust under Section 3582, a petitioner must make an initial request for compassionate release under 28 C.F.R. § 571.61 and appeal a denial pursuant to § 571.63."); *United States v. Valenzuela*, No. 15-cr-01460, 2020 U.S. Dist. LEXIS 165544, at \*3 (D.N.M. Sept. 10, 2020) (Johnson, C.J.) (citing the same).

\* \* \* \* \*

Dodge has not "fully exhausted all" his administrative rights. *See United States v. Barrio*, 2022 U.S. App. LEXIS 8106, at \*18 (10th Cir. Mar. 28, 2022) (unpublished) (noting that "exhaustion is required by statute . . . and a litigant's pro se status does not relieve him of the burden of exhaustion"). The United States' invocation of § 3582(c)(1)(A)'s mandatory claim processing rule requires enforcement. And enforcement requires denial of Dodge's compassionate release request.

## II. Section 3553(a) Factors

Although no other reason[6] for denying Dodge's compassionate release need be given, *see McGee*, 992 F.3d at 1043, the Court quickly explains why § 3553(a) factors tilt the scale heavily towards denial.

---

[6] To be sure, the Tenth Circuit permits district court to state multiple alternative grounds for its ruling. *See Rivero v. Bd. of Regents of Univ. of N.M.*, 950 F.3d 754, 763 (10th Cir. 2020); *but cf. United States v. Files*,

For starters, armed bank robbery is a serious offense. In his plea agreement, Dodge admitted to entering a bank while wearing a mask, brandishing a handgun, and demanding money from two tellers. **Doc. 66 at ¶ 8**. He also admitted to "order[ing] a bank employee . . . onto the floor" and "plac[ing] the gun to a customer's head and demand[ing] more money." *Id.* And although Dodge only pleaded guilty to Count 1—relating to the BBVA Compass Bank—the Presentence Report (**Doc. 69**) includes similar details about his armed robbery of the U.S. Bank. *See id.* **at ¶ 38**. His crimes demonstrate he is a danger to the community.

Likewise, Dodge's criminal history shows a lack of respect for the law. Prior to the instant offense, he was adjudged guilty of several other robberies. *See* **Doc. 69 at ¶¶ 43, 44, 46**. But there's more. Dodge was also charged with a string of armed robberies leading up to the bank robberies in this case. In the summer of 2016, Dodge is alleged to have robbed a Circle K, the Dog House restaurant, and a Sonic. *Id.* **at ¶ 62**. Granting compassionate release here would reward not deter future misconduct. It would also fail to adequately reflect the seriousness of the offense and promote just punishment.

Moreover, Dodge's Rule 11(c)(1)(C) plea agreement significantly reduced his imprisonment. The PSR calculated his advisory Guidelines range as 188–235 months. *See* **Doc. 69 at ¶ 90**. But the plea agreement required imposition of a specific sentence of 8–10 years. *See* **Doc. 66 at ¶ 10a**. Granting compassionate release would also fly in the face § 3553(a)(6).

\* \* \* \* \*

Even if the exhaustion requirement were satisfied or waived, Dodge's motion would still fail under the § 3553(a) factors.[7] *Cf. United States v. Pinson*, 835 F. App'x 390, 393 & 395 (10th

---

63 F.4th 920, 931 (11th Cir. 2023) (Newsom, J., concurring) (positing that "federal *appellate* courts should issue fewer alterative holdings" (emphasis added)).

[7] For what it's worth, Dodge's motion (**Doc. 80**) makes no mention of the § 3553(a) factors. Thus, he does not even argue that they support his release.

Cir. 2020) (unpublished) (assuming exhaustion "for purposes of this appeal"); *United States v. Kristich*, 2025 U.S. App. LEXIS 11082, at *4–5 (10th Cir. May 8, 2025) (unpublished) (noting the § 3553(a) factors were an "alternative and independently dispositive ground" for affirmance).

## CONCLUSION

The evidence shows that Dodge did not fully exhaust his administrative rights. And the United States invoked § 3582(c)(1)(A)'s mandatory claim processing rule. This means denial of the compassionate release motion is required.

But even if that were not true (which it is), the Court concludes the § 3553(a) factors make clear that Dodge's motion should be denied on the merits.

\* \* \* \* \*

**IT IS THEREFORE ORDERED** that Dodge's Motion for Compassionate Release (**Doc. 80**) is **DENIED**. The sentence imposed (**Doc. 76**) on July 24, 2019, remains in effect.

**IT IS THEREFORE ORDERED** that to the extent Dodge's "Amended Motion" can be construed as a Motion to Amend, *see* **Doc. 84 at 15** ("please read this motion in a timely matter"), the request is **DENIED AS MOOT**. *See supra* n.2.

**IT IS SO ORDERED**.

/s/
_____
WILLIAM P. JOHNSON
SENIOR UNITED STATES DISTRICT JUDGE